UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14012-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

v.

KWUAN MONTRELL BAKER,

Defendant.
_____/

## STIPULATION OF FACTS AND ACKNOWLEDGMENT OF OFFENSE ELEMENTS IN SUPPORT OF GUILTY PLEA

The United States of America, by and through the undersigned Assistant United States Attorney, and Kwuan Montrell Baker (hereinafter referred to as the "Defendant" or "Baker"), together with his counsel, admit that the United States can prove the allegations contained in Count Two of the Indictment, which charges the Defendant with possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Count Three of the Indictment, which charges the Defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). The Defendant also stipulates that the following recitation of the facts shall constitute the underlying factual basis for his guilty plea. These facts are not all of the facts known to the United States in this case and are offered merely to provide a sufficient factual basis to support the Defendant's guilty plea.

On April 6, 2021, deputies from the Saint Lucie County Sheriff's Office ("SLCSO") conducted a traffic stop of a Chevy Silverado in Fort Pierce, Florida. Baker was a passenger in the vehicle. Baker was removed from the vehicle by law enforcement. Shortly after Baker was

1

removed from the vehicle, SLCSO Deputy Evan Ridle seized a loaded Smith & Wesson, Model 22A, .22 caliber semi-automatic pistol from Baker's waistband. A search of Baker's person further revealed, among other things, several plastic sandwich bags that contained suspected fentanyl, multiple capsules that contained suspected fentanyl, and $1,314.00 in U.S. currency. Lab results from the Indian River Crime Lab confirmed the substances contained in the plastic sandwich bags and capsules tested positive for fentanyl, with a total net weight of 2.02 grams.

Baker stipulates that he possessed the fentanyl that was seized from his person on April 6, 2021, with the intent to distribute same. If this case had proceeded to trial, an expert would have testified that possession of 2.02 grams of fentanyl, along with $1,314.00 in U.S. currency, is consistent with distribution and inconsistent with personal use.

Baker admits that he possessed the loaded Smith & Wesson, Model 22A, .22 caliber semi-automatic pistol that was seized from his person on April 6, 2021. The loaded Smith & Wesson, Model 22A, .22 caliber semi-automatic pistol qualifies as a firearm under federal law, and was manufactured outside the State of Florida and, therefore, traveled in and affected interstate commerce. The Defendant admits he possessed the loaded Smith & Wesson, Model 22A, .22 caliber semi-automatic pistol in furtherance of the drug trafficking crime charged in Count Two of the Indictment. If this case had proceeded to trial, an expert would have testified that drug traffickers often maintain firearms in close proximity to their trafficking activities and/or drugs, and that drug traffickers routinely use firearms to protect their drugs and the proceeds of their drug sales.

The Defendant is aware of and understands the nature of the charges to which he is pleading guilty and understands that had he proceeded to trial, the United States would have had to prove the following elements beyond a reasonable doubt:

**Count 2:**   Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C):

(1)   The Defendant knowingly possessed fentanyl, a Schedule II controlled substance; and

(2)   The Defendant intended to distribute the fentanyl he possessed.

**Count 3:**   Title 18, United States Code, Section 924(c)(1)(A)(i):

(1)   The Defendant committed the drug trafficking crime charged in Count Two of the Indictment; and

(2)   The Defendant knowingly possessed a firearm in furtherance of that crime, as charged in the Indictment.

The defendant and his attorney agree that the facts recited above meet these elements.

Date: 8/11/2022

Date: 8/26/22

Date: 8/17/2022

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: _____
MICHAEL D. PORTER
ASSISTANT UNITED STATES ATTORNEY

_____
KWUAN MONTRELL BAKER
DEFENDANT

_____
PANAYOTTA AUGUSTIN-BIRCH
ATTORNEY FOR DEFENDANT