UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-14012-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

v.

KWUAN MONTRELL BAKER,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Kwuan Montrell Baker (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Count Two of the Indictment, which charges the Defendant with possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Count Three of the Indictment, which charges the Defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

2. This Office agrees to seek dismissal of all remaining counts of the Indictment, as to this Defendant, after sentencing.

3. This is a conditional plea. This Office and the Defendant agree that pursuant to Fed. R. Crim. P. 11(a)(2), the Defendant reserves his right to appeal the District Court's Order denying Defendant's Motion to Suppress (Doc. No. 43). This reservation of appellate rights is limited to the Fourth Amendment issue that the Defendant raised in his motion to suppress (Doc.

No. 20); that is, whether there was reasonable suspicion or probable cause to conduct a traffic stop. This Office and the Defendant agree that an order suppressing the subject evidence, or an appeal granting such relief, is case dispositive. The United States and the Defendant agree that, should the Defendant prevail on appeal, he shall be allowed to withdraw his plea of guilty to the Indictment.

4. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed. The Defendant is also aware that a sentence imposed under the guidelines does not provide for parole.

2

5. With respect to Count Two of the Indictment, the Defendant also understands and acknowledges that the Court may impose up to a statutory maximum term of 20 years' imprisonment, followed by a term of supervised release of at least 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000 as to Count Two of the Indictment, and may order forfeiture.

6. With respect to Count Three of the Indictment, the Defendant understands and acknowledges that the Court must impose a mandatory minimum term of 5 years' imprisonment and may impose up to a statutory maximum term of Life imprisonment, to be served consecutively to the sentence imposed on Count Two of the Indictment, followed by a term of supervised release of up to 5 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 as to Count Three of the Indictment, and may order forfeiture and restitution.

7. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraphs 5 and 6 of this agreement, a special assessment in the amount of $200 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

8. The defendant further agrees to forfeit to the United States voluntarily and immediately all firearms or ammunition involved in or used or intended to be used in the offense. This firearm or ammunition includes, but is not limited to:

    a. One (1) Smith & Wesson, Model 22A, .22 caliber pistol.

3

9. The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding. The defendant hereby waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives the requirements of Federal Rule of Criminal Procedure 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

10. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

11. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offenses, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's

4

own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

12. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands and acknowledges, as previously acknowledged in paragraph 4 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

13. The Defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial; to cross-examine the government's witnesses; to testify in his own behalf; to not be compelled to provide self-incriminating testimony; to call witnesses for the defense; and, to appeal

any adverse verdict that may result from a trial. The Defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

14. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 8/11/2022     By: _____
                         MICHAEL D. PORTER
                         ASSISTANT UNITED STATES ATTORNEY

Date: 8/11/2022     By: _____
                         KWUAN MONTRELL BAKER
                         DEFENDANT

Date: 8/11/2022     By: _____
                         PANAYOTTA AUGUSTIN-BIRCH
                         ATTORNEY FOR DEFENDANT

6