UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   22-14012-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

v.

KWUAN MONTRELL BAKER,

                **Defendant.**

_____/

### UNITED STATES' SENTENCING MEMORANDUM

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and hereby submits its Sentencing Memorandum in the above-referenced case.

### BACKGROUND

On February 3, 2022, a federal grand jury in the Southern District of Florida returned an Indictment charging Kwuan Montrell Baker ("Baker") with possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One), possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (Count Two), and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count Three).   (Doc. No. 1.)

On April 25, 2022, Baker filed a motion to suppress, which the Court denied following an evidentiary hearing.   (Doc. Nos. 20, 22, 27, 33-34, 42-43.)

On August 26, 2022, Baker pleaded guilty to Counts Two and Three of the Indictment pursuant to a written plea agreement with the United States.   (Doc. Nos. 47, 50-51.)   As part of

1

his plea agreement, Baker reserved the right to appeal the denial of his motion to suppress. (Doc. No. 51.)

Baker's sentencing hearing is scheduled for November 10, 2022. According to the Presentence Investigation Report ("PSI"), Baker has a total offense level of 10 and criminal history category of VI, which yields an effective guideline range of 84 – 90 months' imprisonment. (PSI at ¶¶ 25, 37, 81-82.) Baker is subject to a mandatory minimum sentence of 60 months' imprisonment, and statutory maximum of life imprisonment, as to Count Three of the Indictment, which must be imposed consecutively to the sentence imposed on Count Two of the Indictment. (PSI at ¶¶ 80-82; *see also* 18 U.S.C. § 924(c)(1)(A)(i).)[1]

The United States respectfully submits a downward variance is not warranted, and that a sentence of 90 months' imprisonment, which is at the top of Baker's guideline range, is sufficient, but not greater than necessary, to reflect the nature and circumstances and seriousness of the offense, the history and characteristics of the defendant, the need to promote respect for the law, provide just punishment, afford adequate specific and general deterrence, and protect the public from further crimes of the defendant.

## ANALYSIS

### *Nature and Circumstances and Seriousness of the Offense*

On April 6, 2021, deputies from the Saint Lucie County Sheriff's Office ("SLCSO") conducted a traffic stop of a Chevy Silverado in Fort Pierce, Florida. Baker was a passenger in the vehicle. Baker was removed from the vehicle by law enforcement. Shortly after Baker was removed from the vehicle, SLCSO Deputy Evan Ridle seized a loaded Smith & Wesson, Model

---

[1] Baker's guideline range on Count Two of the Indictment is 24 – 30 months. (PSI at ¶ 81.)

22A, .22 caliber semi-automatic pistol from Baker's waistband. A search of Baker's person further revealed, among other things, several plastic sandwich bags that contained suspected fentanyl, multiple capsules that contained suspected fentanyl, and $1,314.00 in U.S. currency. Lab results from the Indian River Crime Lab confirmed the substances contained in the plastic sandwich bags and capsules tested positive for fentanyl, with a total net weight of 2.02 grams. (PSI at ¶ 6.)

Baker ultimately admitted he intended to distribute the fentanyl that was seized from his person, and that he possessed the loaded Smith & Wesson, Model 22A, .22 caliber semi-automatic pistol in furtherance of his drug trafficking. (PSI at ¶¶ 7-9.)

The crimes Baker now stands convicted of are serious offenses. Baker was an armed drug dealer who peddled his wares on the streets of Fort Pierce. Baker possessed over two grams of fentanyl, a highly addictive and lethal controlled substance, with the intent to distribute it in Saint Lucie County. Baker also had a loaded firearm and $1,314.00 in U.S. currency on his person when he was arrested – further indicia of his drug trafficking.

"Fentanyl is a synthetic opioid that is up to 50 times stronger than heroin and 100 times stronger than morphine."[2] Fentanyl has proven to be a deadly poison that does not discriminate. Its victims include every gender, race, age, and economic background, and its debilitating effects are the same across all demographics. Even in small doses, fentanyl can be deadly. "As little as two milligrams, about the size of 5 grains of salt, can be fatal."[3] According to the Centers for Disease Control and Prevention ("CDC"), "fentanyl and other synthetic opioids are the most

---

[2] https://www.cdc.gov/stopoverdose/fentanyl/index.html (October 25, 2022).

[3] https://stjohns.floridahealth.gov/newsroom/2022/07/2022-07-08-public-health-and-safety-alert-fentanyl.html (October 25, 2022).

common drugs involved in overdose deaths. Over 150 people die every day from overdoses related to synthetic opioids like fentanyl."[4] The State of Florida has also seen an exponential increase in overdoses associated with fentanyl. "In 2020, more than 6,150 people died from overdoses involving fentanyl and fentanyl analogs in Florida."[5]

If there is ever any progress to be made stopping the unlawful distribution of dangerous controlled substances, those who traffic in them, such as Baker, must be held accountable for their actions. That Baker possessed a loaded firearm in furtherance of his drug trafficking only adds to the severity of the offense. As the Court is well aware, drug trafficking is an inherently dangerous activity and the combination of drugs and guns substantially increases the risk of physical harm to others.

The nature and circumstances and seriousness of the offense justify a sentence of 90 months' imprisonment.

### *History and Characteristics of the Defendant*

Baker's criminal history also merits attention as it reveals a complete disregard for the law and lack of respect for authority. Indeed, Baker, who is now 32 years old, has already amassed no less than five separate felony convictions, including burglary (2000), burglary (2010), grand theft (2013), fleeing and eluding (2015), and fleeing and eluding (2017). (PSI at ¶¶ 27, 29, 30, 35-36.) Baker also has numerous misdemeanor convictions and probation revocations. (PSI at

---

[4] https://www.cdc.gov/stopoverdose/fentanyl/index.html (October 25, 2022). By way of comparison, there are 1,000 milligrams in a gram. Baker is accountable for approximately two grams of fentanyl, that is, 2,000 milligrams.

[5] https://stjohns.floridahealth.gov/newsroom/2022/07/2022-07-08-public-health-and-safety-alert-fentanyl.html (October 25, 2022).

¶¶ 30-32, 36.) In total, Baker has 14 criminal history points, which places him in the highest criminal history category. To say that Baker has led a life of crime would be an understatement.

The United States does not dispute that Baker suffers from drug addiction. As this Court is well aware, drug addiction is unfortunately the rule, not the exception, for federal defendants. While Baker's voluntary drug abuse may have led to poor decision making, it in no way excuses his conduct. The Bureau of Prisons is well equipped to deal with drug addiction and mental health issues through various treatment programs, and the United States submits the defendant should avail himself of those opportunities.

### *The Need for the Sentence to Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Specific and General Deterrence, and Protect the Public from Further Crimes of the Defendant*

Baker's criminal history evinces an alarming level of recidivism and strongly suggests he will continue to violate the law when not incarcerated. Baker was released from prison for his most recent felony conviction in March 2021 – *he committed the instant offenses in April 2021*. (PSI at ¶ 36.) To be clear, Baker committed the instant offenses barley a month after he was released from prison following a five-year sentence. Baker has spent at least a portion of every year of his adult life in jail or prison. (PSI at ¶¶ 27-36.) Baker has simply failed to demonstrate any ability to live amongst society crime free. Baker's prior periods of incarceration clearly were not sufficient enough to impress upon him the need to obey the law and conform his conduct to the requirements of society.[6] The fact Baker has not served a sentence as long as the one he now faces may well be the reason he continues to violate the law.

---

[6] The longest sentence Baker has received to date is approximately five years. (PSI at ¶¶ 35-36.)

A significant sentence is necessary to promote respect for the law, provide just punishment for the offense, afford adequate specific and general deterrence, and protect the public from further crimes of the defendant.

### *Parity in Sentencing*

Finally, Baker should expect to be treated like other similarly situated defendants. Parity in sentencing among similarly situated federal defendants across the country is fundamental to the proper administration of justice. This principle is embodied in Section 3553(a)(6), which "is concerned with national disparities among the many defendants with similar backgrounds convicted of similar criminal conduct." *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007). Generally, "national uniformity is . . . taken into account by the Sentencing Guidelines, which are almost certainly the best indication of ordinary practice since most sentences are within the guidelines." *Id*. at 626 (internal marks and citation omitted). Indeed, "[e]ven after *Booker* rendered the Sentencing Guidelines advisory, district courts have *in the vast majority of cases* imposed either within-Guidelines sentences or sentences that depart downward from the Guidelines on the Government's motion." *Hughes v. United States*, 138 S.Ct. 1765, 1777 (2018) (internal marks and citation omitted; emphasis added).

A sentence of 90 months' imprisonment adequately reflects the relevant 3553(a) factors, preserves the integrity of the Sentencing Guidelines, and promotes national uniformity.

## CONCLUSION

Based on the foregoing, the United States respectfully requests the Court to sentence the defendant to 90 months' imprisonment.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:     **/s/Michael D. Porter**
       Michael D. Porter
       Assistant United States Attorney
       Florida Bar# 0031149
       101 South U.S. Highway 1
       Suite 3100
       Fort Pierce, Florida 34950
       Telephone: (772) 293-0950
       Email:michael.porter2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by either regular U.S. mail or inter-office delivery.

       **/s/Michael D. Porter**
       Michael D. Porter
       Assistant United States Attorney