IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-14012-CR-CANNON

UNITED STATES OF AMERICA,

              Plaintiff,              AUGUST 26, 2022

      vs.

                                    FORT PIERCE, FLORIDA

KWUAN MONTREAL BAKER,

              Defendant.          Pages 1 - 26
_____/

TRANSCRIPT OF CHANGE OF PLEA
BEFORE THE HONORABLE AILEEN CANNON
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFF:      JOHN MCMILLAN, AUSA
                         Office of U.S. Attorney
                         101 South US Highway One
                         Suite 3100
                         Fort Pierce, Florida  34950

FOR THE DEFENDANT:      PANAYOTTA AUGUSTIN-BIRCH, AFPD
                         Office of U.S. Public Defender
                         109 North 2nd Street
                         Fort Pierce, Florida  34950

REPORTED BY:           DIANE MILLER, RMR, CRR
                         Official Court Reporter
                         (772)467-2337
                         diane_miller@flsd.uscourts.gov

```
1                    P–R–O–C–E–E–D–I–N–G–S
2          THE COURT:  Good morning.  Please be seated.
3          THE COURTROOM DEPUTY:  Calling case
4   22-CR-14012-Cannon, United States of America vs. Kwuan Montrell
5   Baker.
6          Can we please have counsel's appearance, starting
7   with the government.
8          MR. PORTER:  Good morning, Your Honor.  Michael
9   Porter on behalf of the United States.
10          THE COURT:  Good morning.
11          MS. AUGUSTIN-BIRCH:  Good morning, Your Honor.
12   Panayotta Birch on behalf of Kwuan Baker, and he is present
13   before the Court.
14          THE COURT:  Good morning, Ms. Birch, and good
15   morning, Mr. Baker.
16          We are here today, I understand, because it is the
17   defendant's intention to plead guilty to Counts 2 and 3 of the
18   indictment, is that correct, Ms. Birch?
19          MS. AUGUSTIN-BIRCH:  Yes, Your Honor.
20          THE COURT:  Okay.
21          I understand, also, there are executed documents,
22   specifically a plea agreement, conditional as indicated in
23   paragraph 3, and a factual proffer.  Have those documents been
24   signed and presented to the Court?
25          MS. AUGUSTIN-BIRCH:  Yes, Your Honor.
```

Friday, August 26, 2022.

```
 1              THE COURT:  Okay.  Well, then let's proceed.
 2              Mr. Baker, I'm going to ask you several questions.
 3    The purpose of these questions is to make sure that you have
 4    carefully considered your decision to plead guilty, that you
 5    are competent to make a decision to plead guilty, that you
 6    fully understand the consequences of pleading guilty, and that
 7    there is a factual basis in support of the guilty plea.
 8              If at any point you don't understand my questions or
 9    if you wish to speak to your counsel further, please let me
10    know so we can make that available to you.
11              Any questions, sir?
12              THE DEFENDANT:  No, ma'am.
13              THE COURT:  Okay.  Let's have the defendant sworn in,
14    please.
15              KWUAN MONTRELL BAKER, DEFENDANT HEREIN, SWORN
16              THE COURT:  Thank you, sir.
17              And if you don't mind removing your mask so I can
18    hear you clearly.  Thank you.
19                        DIRECT EXAMINATION
20    BY THE COURT:
21    Q    What is your full name?
22    A    Kwuan Montrell Baker.
23    Q    Are you or have you ever been known by any other name or
24    alias?
25    A    No, ma'am.
```

```
 1   Q    Where were you born?

 2   A    Vero Beach, Florida.

 3   Q    And how old are you?

 4   A    Thirty.

 5   Q    How far did you go in school?

 6   A    Twelfth grade.

 7   Q    What school did you go to?

 8   A    Vero Beach Central PSL.

 9   Q    Okay.  And did you graduate high school?

10   A    No, ma'am.

11   Q    Do you read or write the English language?

12   A    Yes, ma'am.

13   Q    Okay.  Are you a citizen of the United States?

14   A    Yes, ma'am.

15   Q    Have you ever been treated for any mental illness?

16   A    Yes, ma'am.

17   Q    Can you tell me briefly the nature of the treatment you've

18   received?

19   A    It was, like, really recently, like, it was depression.

20   Q    Okay.  Are you still undergoing treatment?

21   A    I take meds right now.

22   Q    Okay.  Do those medications interfere with your ability to

23   understand what is going on today?

24   A    No, ma'am.

25   Q    Do you have any doubts whatsoever that you understand fully
```

1    what is transpiring in this courtroom right now?

2    A    I don't have no doubts.  I understand.

3    Q    Okay.  Now, have you ever been treated for any narcotic

4    drugs or alcohol?

5    A    I don't understand.

6    Q    Like, have you ever been treated for an addiction to drugs?

7    A    No, ma'am.

8    Q    How about an addiction to alcohol?

9    A    No, ma'am.

10   Q    Now, I know you mentioned you are taking medication.  Have

11   you taken any such medicine within the last 48 hours?

12   A    Last night.

13   Q    Okay.  And that's for the depression you mentioned?

14   A    Yes, ma'am.

15   Q    Okay.  Any other medicine you're taking?

16   A    No, ma'am.

17   Q    Okay.  And I'll just ask again, is there anything about the

18   medicine that you're taking that impacts your ability to fully

19   understand what is happening in the courtroom today?

20   A    No, ma'am.

21   Q    All right.  Thank you, sir.

22         Now, has anybody tried to force you or coerce you to

23   plead guilty?

24   A    No, ma'am.

25   Q    Has anybody threatened you in any way to plead guilty?

1    A    No, ma'am.

2    Q    All right.

3              THE COURT:  Ms. Birch, is it your opinion that

4    Mr. Baker is competent to enter into a guilty plea?

5              MS. AUGUSTIN-BIRCH:  Yes, Your Honor.

6              THE COURT:  Okay.

7              Ms. Birch, are you aware of any promises or

8    assurances of any kind beyond what is stipulated in the plea

9    agreement to get Mr. Baker to plead guilty?

10             MS. AUGUSTIN-BIRCH:  No, Your Honor.

11   BY THE COURT:

12   Q    And, Mr. Baker, are you pleading guilty of your own free

13   will because you are, in fact, guilty of Counts 2 and 3?

14   A    Yes, ma'am.

15   Q    Now, Mr. Baker, have you received a copy of the indictment

16   that is pending against you?

17   A    Yes, ma'am.

18   Q    Have you had enough time to fully discuss the charges

19   against you and the case in general with Ms. Birch?

20   A    Yes, ma'am.

21   Q    Have you discussed possible defense strategies with your

22   attorney?

23   A    Yes, ma'am.

24   Q    And are you fully satisfied with your attorney and with the

25   advice and representation that she has given you in this case?

1    A    Yes, ma'am.

2    Q    All right.

3         I'm just going to state for the record the charges in

4    Counts 2 and 3.

5         Count 2 charges possession with intent to distribute

6    a controlled substance, in violation of Title 21, United States

7    Code, Section 841(a)(1) and (b)(1)(C), and it states:  "On or

8    about April 6, 2021, in St. Lucie County, in the Southern

9    District of Florida and elsewhere, the defendant, Kwuan

10   Montrell Baker, did knowingly and intentionally possess with

11   intent to distribute a controlled substance, in violation of

12   Title 21, United States Code, Section 841(a)(1).  And pursuant

13   to Title 21, United States Code, Section 841(b)(1)(C), it is

14   further alleged that this violation involved a mixture and

15   substance containing a detectable amount of fentanyl, a

16   Schedule II controlled substance."

17        Count 3 alleges possession of a firearm in

18   furtherance of a drug trafficking crime, and it states:  "On

19   or about April 6, 2021, in St. Lucie County, in the Southern

20   District of Florida and elsewhere, the defendant, Kwuan

21   Montrell Baker, did knowingly possess a firearm in furtherance

22   of a drug trafficking crime, a felony offense for which the

23   defendant may be prosecuted in a court of the United States,

24   that is, a violation of Title 21, United States Code,

25   Section 841(a)(1), as charged in Count 2 of this indictment, in

```
 1   violation of Title 18, United States Code,
 2   Section 924(c)(1)(A)(i)."
 3           Do you fully understand those charges, sir?
 4   A   Yes, ma'am.
 5           THE COURT:  Mr. Porter, I would ask you to please set
 6   forth the essential elements of both Counts 2 and 3, please.
 7           MR. PORTER:  Yes, Your Honor.
 8           Had this case proceeded to trial, the United States
 9   would have had to prove the following elements beyond a
10   reasonable doubt.  With respect to Count 2 of the indictment,
11   first, the defendant knowingly possessed fentanyl, a
12   Schedule II controlled substance; and second, the defendant
13   intended to distribute the fentanyl he possessed.
14           With respect to Count 3 of the indictment, first, the
15   defendant committed the drug trafficking crime charged in
16   Count 2 of the indictment; and second, the defendant knowingly
17   possessed a firearm in furtherance of that crime as charged in
18   the indictment.
19           THE COURT:  Thank you.
20   BY THE COURT:
21   Q   Mr. Baker, do you understand that those are the elements
22   the government would have had to prove beyond a reasonable
23   doubt if Counts 2 and 3 had proceeded to trial?
24   A   Yes, ma'am.
25           THE COURT:  And, Ms. Birch, are you satisfied that
```

```
 1   those are the correct elements of Counts 2 and 3?
 2          MS. AUGUSTIN-BIRCH:  Yes, Your Honor.
 3   BY THE COURT:
 4   Q   Mr. Baker, do you understand that when you plead guilty,
 5   you give up your right to have the government prove each of
 6   those essential elements of the crimes beyond a reasonable
 7   doubt?  Do you understand that, sir?
 8   A   Yes, ma'am.
 9   Q   You also forego all of your defenses.  Do you understand
10   that as well?
11   A   Yes, ma'am.
12   Q   Now, I understand you've indicated you are a U.S. citizen
13   born here.  I do, however, want to make sure you understand the
14   immigration consequences of pleading guilty.  If you were not
15   born in this country, your guilty plea very likely will affect
16   your ability to stay in this country and may subject you to
17   deportation and denial of admission to the United States in the
18   future.
19          Are you willing to plead guilty today, sir,
20   regardless of any immigration consequences that your guilty
21   plea may entail, even if the consequence is your automatic
22   removal from the United States?
23   A   Yes, ma'am.
24   Q   Now, do you understand that the offenses to which you are
25   pleading guilty are both felony offenses?
```

Friday, August 26, 2022.

1    A    Yes, ma'am.

2    Q    Do you understand that if your plea is accepted, you will

3    be adjudicated guilty of Counts 2 and 3, and that adjudication

4    might deprive you of valuable civil rights such as the right to

5    vote, the right to hold public office, the right to serve on a

6    jury, and the right to possess any kind of firearm?

7    A    Yes, ma'am.

8    Q    All right.  Now, I want to make sure you also understand

9    the possible statutory penalties that you face as a result of

10   pleading guilty today, so I'm going to ask Mr. Porter to set

11   forth what those penalties are right now, and I believe they're

12   indicated in the plea agreement, as well.

13              MR. PORTER:  Yes, Your Honor.

14              With respect to Count 2 of the indictment, the

15   defendant understands and acknowledges that the Court may

16   impose up to a statutory maximum term of 20 years' imprisonment

17   followed by a term of supervised release of at least

18   three years.  In addition to a term of imprisonment and

19   supervised release, the Court may impose a fine of up to

20   $1 million as to Count 2 of the indictment and may order

21   forfeiture.

22              With respect to Count 3 of the indictment, the

23   defendant understands and acknowledges that the Court must

24   impose a mandatory minimum term of five years imprisonment and

25   may impose up to a statutory maximum term of life imprisonment

1    to be served consecutively to the sentence imposed on Count 2

2    of the indictment followed by a term of supervised release of

3    up to five years.  In addition to a term of imprisonment and

4    supervised release, the Court may impose a fine of up to

5    $250,000 as to Count 3 of the indictment and may order

6    forfeiture and restitution.

7            There is no restitution in this case.  However, there

8    is forfeiture, Judge, and it's set forth in paragraph 8 of the

9    plea agreement.

10           THE COURT:  All right.

11           Ms. Birch, do you concur with the government's

12   recitation of the possible penalties for both Counts 2 and 3?

13           MS. AUGUSTIN-BIRCH:  Yes, Your Honor.

14           THE COURT:  Okay.

15           Let me just go over that again with Mr. Baker.

16   BY THE COURT:

17   Q   Mr. Baker, for Count 2, do you understand that the Court

18   may impose up to a statutory maximum term of 20 years

19   imprisonment on Count 2?  Do you understand that, sir?

20   A   Yes, ma'am.

21   Q   And that in addition to any sentence that would be imposed

22   on Count 2, the Court could impose a term of supervised release

23   of at least three years?

24   A   Yes, ma'am.

25   Q   Okay.  In addition to a term of imprisonment and supervised

```
 1   release, the Court may also impose a fine of up to $1 million
 2   as Count 2.  Do you understand that as well?
 3   A   Yes, ma'am.
 4   Q   And then as to forfeiture, which the government indicated
 5   is identified in paragraph 8, you are agreeing to forfeit to
 6   the United States the Smith & Wesson, Model 22A, .22 caliber
 7   pistol that is listed there.  Do you understand that as well,
 8   sir?
 9   A   Yes, ma'am.
10   Q   Okay.
11           THE COURT:  Mr. Porter, what is the maximum potential
12   term of supervised release on Count 2?
13           MR. PORTER:  It is lifetime, Judge.
14           THE COURT:  Okay.
15           All right.  Then let me just add that to the
16   discussion.
17   BY THE COURT:
18   Q   Mr. Baker, do you understand it would be a minimum term of
19   three years' supervised release, potentially up to a lifetime
20   term of supervised release on Count 2?
21   A   Yes, ma'am.
22   Q   Okay.  Now, on Count 3, as stated, the Court must impose a
23   mandatory minimum term of five years' imprisonment and may
24   impose up to a statutory maximum term of life.  Do you
25   understand that, sir?
```

```
 1   A    Yes, ma'am.

 2   Q    Okay.  And that would be to be served consecutively, in

 3   other words after any sentence imposed on Count 2 of the

 4   indictment; do you understand?

 5   A    Yes, ma'am.

 6   Q    Now, on Count 3, there is also a term of supervised release

 7   that can be imposed of up to five years.  Do you understand

 8   that, sir?

 9   A    Yes, ma'am.

10   Q    Okay.  Now, with respect to a fine on Count 3, it is up to

11   $250,000, as well as forfeiture as listed in paragraph 8.  Do

12   you understand that as well, sir?

13   A    Yes, ma'am.

14   Q    Okay.  Do you have any questions with respect to the

15   possible statutory penalties you face as a result of pleading

16   guilty to Counts 2 and 3?

17   A    No, ma'am.

18            THE COURT:  Okay.

19            Ms. Birch, any additional discussion on the

20   penalties?

21            MS. AUGUSTIN-BIRCH:  No, Your Honor.

22            THE COURT:  Okay.

23   BY THE COURT:

24   Q    Now, as far as supervised release is concerned, do you

25   understand that if you were to violate any of the conditions of
```

1    supervised release, that could result in additional prison

2    time?

3    A    Yes, ma'am.

4    Q    Okay.  And do you understand that all of the penalties

5    we've discussed, sir, they are all possible consequences of

6    your guilty plea here today?

7    A    Yes, ma'am.

8    Q    Okay.  Now, let's go over the sentencing guidelines.

9          Have you and your attorney been able to talk about

10   how the sentencing guidelines might apply to your case?

11   A    Yes, ma'am.

12   Q    Do you understand that any estimate of the sentence given

13   to you by your attorney or by anybody else is only an estimate?

14   A    Yes, ma'am.

15   Q    Which means that the Court can depart or vary from the

16   sentencing guidelines and impose a sentence that is higher or

17   lower than the sentence recommended by the sentencing

18   guidelines?

19   A    Yes, ma'am.

20   Q    And so along the same lines, Mr. Baker, do you understand

21   that the sentencing guidelines are not binding on the Court?

22   A    Yes, ma'am.

23   Q    Okay.  All of this means the Court could sentence you above

24   the sentencing guidelines up to the maximum permitted by law,

25   or below than what the sentencing guidelines recommend.  Do you

1   fully understand that, sir?

2   A   Yes, ma'am.

3   Q   Okay.  And finally, do you understand, sir, that if the

4   Court were to impose a higher sentence than you were hoping

5   for, you would not be able to withdraw your guilty plea solely

6   as a result of the sentence that you receive?

7   A   Yes, ma'am.

8   Q   All right.  Now, there are various constitutional rights

9   that you forego when you plead guilty, and I'm going to go over

10  those with you now.

11         First, do you understand that you have the right to

12  plead not guilty to any offense charged against you and to

13  persist in that plea of not guilty?

14  A   Yes, ma'am.

15  Q   Do you understand that you have the right to a trial by

16  jury?

17  A   Yes, ma'am.

18  Q   Do you understand that at a trial, you would be presumed to

19  be innocent, and it would be the government's burden to prove

20  your guilt beyond a reasonable doubt?

21  A   Yes, ma'am.

22  Q   Do you understand also, sir, that you have the right to the

23  assistance of appointed counsel for your defense at trial and,

24  if necessary, during other stages of this proceeding?

25  A   Yes, ma'am.

```
 1    Q   Do you understand that you have the right to confront and
 2    cross-examine adverse witnesses in your defense at trial?
 3    A   Yes, ma'am.
 4    Q   Do you understand also that you would have the right to
 5    compel the attendance of witnesses at a trial?
 6    A   Yes, ma'am.
 7    Q   And do you understand that you would have the right, if you
 8    wanted to testify, to testify at trial?
 9    A   Yes, ma'am.
10    Q   And finally, do you understand that you would have the
11    right to remain silent and decide not to testify and that if
12    you decided not to testify or to put on any evidence
13    whatsoever, those facts could not be used against you at a
14    trial?
15    A   Yes, ma'am.
16    Q   Do you understand that all of the rights I've just gone
17    over with you, they are all rights that you give up as a result
18    of pleading guilty today?
19    A   Yes, ma'am.
20    Q   Okay.  Let's turn to the plea agreement.
21            I have before me a document entitled "plea
22    agreement" -- hold on one moment.  Excuse me.
23            Okay.  I have a document in front of me, it's
24    entitled "plea agreement;" it has a date of August 11th, 2022,
25    and page 6 contains three signatures.  Is that the document you
```

```
1   signed, sir?

2   A   Yes, ma'am.

3   Q   Is that your signature on page 6?

4   A   Yes, ma'am.

5            THE COURT:  Ms. Birch, is that your signature, as

6   well?

7            MS. AUGUSTIN-BIRCH:  Yes, Your Honor.

8            THE COURT:  And did the defendant sign this document

9   in your presence?

10           MS. AUGUSTIN-BIRCH:  Not in my presence, Your Honor,

11  no.

12           THE COURT:  Okay.

13           MS. AUGUSTIN-BIRCH:  It was mailed to him at the

14  jail, and then he returned it to my office.  We did review the

15  document together, but he did not sign it in my presence.

16           THE COURT:  Okay.

17  BY THE COURT:

18  Q   Mr. Baker, do you need any additional time to go over this

19  document with your attorney?

20  A   No, ma'am.

21           THE COURT:  Mr. Porter, is that your signature on

22  page 6?

23           MR. PORTER:  It is, Your Honor.

24           THE COURT:  Okay.

25           I do want to make a correction to the caption.  It
```

Friday, August 26, 2022.

```
 1   should list a case number of "22."

 2   BY THE COURT:

 3   Q   Okay.  Let's see, before you signed this document,

 4   Mr. Baker, did you have a full and complete opportunity to talk

 5   to your attorney about it?

 6   A   Yes, ma'am.

 7   Q   Okay.  Do you believe you understand the written plea

 8   agreement in its entirety?

 9   A   Yes, ma'am.

10   Q   Does the plea agreement represent in its entirety the

11   understanding you have with the government?

12   A   Yes, ma'am.

13   Q   Have any additional promises been made to you that are not

14   contained within the plea agreement?

15   A   No, ma'am.

16   Q   Okay.  Now, do you understand -- and this goes a bit to

17   what we were discussing earlier -- that the terms of the plea

18   agreement are merely recommendations to the Court and the Court

19   can reject the recommendations without permitting you to

20   withdraw your guilty plea?

21   A   Yes, ma'am.

22           THE COURT:  All right.  Mr. Porter, are there any

23   other provisions of the plea agreement that you believe require

24   specific discussion?

25           MR. PORTER:  No, Your Honor.  Your Honor already
```

1    mentioned that this is a conditional plea, and I think the

2    conditional plea language is adequately set forth in the plea

3    agreement in paragraph 3.

4              THE COURT:  Okay.  Ms. Birch, anything further to be

5    discussed with respect to the plea agreement?

6              MS. AUGUSTIN-BIRCH:  No, Your Honor, only --

7    Mr. Porter already clarified it and the Court already stated

8    it, that this is a conditional plea and he will be entitled to

9    appeal the motion to suppress.

10             THE COURT:  Thank you.

11             So that is reflected in paragraph 3 of the plea

12   agreement.

13   BY THE COURT:

14   Q    Mr. Baker, do you understand what that means?

15   A    Yes, ma'am.

16   Q    Okay.  You are reserving your right to appeal the district

17   court's order denying your motion to suppress, and that order

18   is at docket entry number 43.  And the reservation is limited

19   to the Fourth Amendment issue that you raised in your motion to

20   suppress, that is whether there was reasonable suspicion or

21   probable cause to conduct a traffic stop.  Do you understand,

22   sir?

23   A    Yes, ma'am.

24   Q    Okay.

25             THE COURT:  All right.  Well, I think we've covered

Friday, August 26, 2022.

1    the matters pertinent to the plea agreement.  Let's turn to the

2    stipulation of facts.

3              Mr. Porter, please read that into the record.

4              MR. PORTER:  Yes, Your Honor.

5              These are not all of the facts known to the United

6    States in this case and are offered merely to provide a

7    sufficient factual basis to support the defendant's guilty

8    plea.

9              On April 6, 2021, deputies from the St. Lucie County

10   Sheriff's Office conducted a traffic stop of a Chevy Silverado

11   in Fort Pierce, Florida.  Baker was a passenger in the vehicle.

12   Mr. Baker was removed from the vehicle by law enforcement.

13   Shortly after Mr. Baker was removed from the vehicle, St. Lucie

14   County Sheriff's Office Deputy Evan Ridle seized a loaded

15   Smith & Wesson, Model 22A, .22 caliber semi-automatic pistol

16   from Mr. Baker's waistband.

17             A search of Mr. Baker's person further revealed,

18   among other things, several plastic sandwich bags that

19   contained suspected fentanyl, multiple capsules that contained

20   suspected fentanyl, and $1,314 in U.S. currency.

21             Lab results from the Indian River crime lab confirmed

22   the substances contained in the plastic sandwich bags and

23   capsules tested positive for fentanyl, with a total net weight

24   of 2.02 grams.  Mr. Baker stipulates that he possessed the

25   fentanyl that was seized from his person on April 6, 2021, with

1    the intent to distribute same.

2            If this case had proceeded to trial, an expert would

3    have testified that possession of 2.02 grams of fentanyl along

4    with $1,314 in U.S. currency is consistent with distribution

5    and inconsistent with personal use.

6            Mr. Baker admits that he possessed the loaded

7    Smith & Wesson, Model 22A, .22 caliber semi-automatic pistol

8    that was seized from his person on April 6, 2021.

9            The loaded Smith & Wesson, Model 22A, .22 caliber

10   semi-automatic pistol qualifies as a firearm under federal law

11   and was manufactured outside the State of Florida and therefore

12   traveled in and affected interstate commerce.

13           The defendant admits he possessed the loaded

14   Smith & Wesson, Model 22A, .22 caliber semi-automatic pistol in

15   furtherance of the drug trafficking crime charged in Count 2 of

16   the indictment.

17           If this case had proceeded to trial, an expert would

18   have testified that drug traffickers often maintain firearms in

19   close proximity to their drug trafficking activities and/or

20   drugs, and that drug traffickers routinely use firearms to

21   protect their drugs and the proceeds of their drug sales.

22           THE COURT:  Thank you, Mr. Porter.

23   BY THE COURT:

24   Q   Mr. Baker, did you understand what the government just read

25   into the record?

```
 1   A    Yes, ma'am.

 2   Q    Do you agree that it is an accurate statement of your

 3   conduct in this case?

 4   A    Can you say that one more time?

 5   Q    Do you agree that it is an accurate statement of your

 6   conduct in this case?

 7   A    Yes, ma'am.

 8   Q    All right.  Do you also agree that the government could

 9   have proven those facts beyond a reasonable doubt had this

10   matter proceeded to trial?

11   A    Yes, ma'am.

12   Q    Did you talk to your attorney about the government's

13   evidence against you?

14   A    Yes, ma'am.

15   Q    Now, just to confirm, the stipulation of facts document

16   that was executed, I'm going to make that same correction to

17   the caption to reflect a "22" case number, and ask you, sir,

18   this is a three-page document.  On page 3, I see signatures.

19   Is this the document that you signed?

20   A    Yes, ma'am.

21   Q    Okay.  It has an August 26, 2022, date.  Is that when you

22   signed it?

23   A    Yes, ma'am.

24   Q    Okay.

25            THE COURT:  Is that your signature, Ms. Birch?
```

Friday, August 26, 2022.

```
1              MS. AUGUSTIN-BIRCH:  Yes, Your Honor.

2              THE COURT:  All right.  And Mr. Porter?

3              MR. PORTER:  Yes, Your Honor.

4              THE COURT:  Okay.

5     BY THE COURT:

6     Q   When you read this document, Mr. Baker -- I'm sorry -- when

7     you signed this document, did you have an opportunity to fully

8     review it?

9     A   Yes, ma'am.

10    Q   Okay.

11             THE COURT:  Ms. Birch, are you satisfied that your

12    client understands the charges against him and the consequences

13    of his guilty plea to Counts 2 and 3?

14             MS. AUGUSTIN-BIRCH:  Yes, Your Honor.

15             THE COURT:  Ms. Birch, are you satisfied that there

16    has been a sufficient statement of factual basis with regard to

17    Counts 2 and 3 of the indictment?

18             MS. AUGUSTIN-BIRCH:  Yes, Your Honor.

19             THE COURT:  And finally, Ms. Birch, do you stipulate

20    that had the case gone to trial, the Court would have sent the

21    defendant's case, Counts 2 and 3, to the jury?

22             MS. AUGUSTIN-BIRCH:  Yes, Your Honor.

23             THE COURT:  Okay.

24             I'm going to find, therefore, that the facts the

25    government has set forth on the record are sufficient to
```

1   establish the offenses set forth in Counts 2 and 3 of the

2   indictment.

3   BY THE COURT:

4   Q   Mr. Baker, are you fully satisfied with the representation

5   that you have received from your attorney?

6   A   Yes, ma'am.

7   Q   How do you plead to Count 2, guilty or not guilty?

8   A   Guilty.

9   Q   And how do you plead to Count 3, guilty or not guilty?

10   A   Guilty.

11       THE COURT:  All right.  In the case of United States

12   of America vs. Kwuan Montrell Baker, case number 22-14012, it

13   is the finding of the Court that the defendant is alert and

14   intelligent, that he is fully competent and capable of entering

15   an informed plea in this case, that he is aware of the nature

16   of the charges and the consequences of the plea, and that the

17   plea of guilty to Counts 2 and 3 is a knowing and voluntary

18   plea supported by an independent basis in fact containing each

19   of the essential elements of the offenses.

20       And also that the agreement presented to the Court --

21   and I'm referring to the plea agreement -- was voluntarily

22   entered into both by both parties without force or threats.

23       I also find that the defendant has entered the plea

24   with the advice and assistance of competent counsel with whom

25   he indicates he is fully satisfied.

Friday, August 26, 2022.

1              So the guilty plea to Counts 2 and 3 is therefore

2      accepted, and the defendant is now adjudicated guilty of

3      Counts 2 and 3 of the indictment.

4              Mr. Baker, at this point, the U.S. Probation office

5      will conduct a full investigation.  They will ask to speak to

6      you and ask you various questions in order to prepare what we

7      call a Presentence Investigation Report.

8              You have the right to have your lawyer, Ms. Birch,

9      present with you when you speak to probation.

10             And then, once Probation completes its report, you

11     will have an opportunity to review that report and to lodge any

12     timely objections to it, as will the government.  Do you have

13     any questions, sir?

14             THE DEFENDANT:  No, ma'am.

15             THE COURT:  Okay.  Ms. Nicato, when may we have

16     sentencing?

17             THE COURTROOM DEPUTY:  Yes, sentencing will be

18     Monday, November 10th, at 9:30 a.m.

19             THE COURT:  Ms. Birch, do you have any concerns with

20     that date?

21             MS. AUGUSTIN-BIRCH:  No, Your Honor.

22             THE COURT:  Okay.

23             Well, then, as noted, Mr. Baker, sentencing is

24     scheduled for November 10th, 2022, at 9:30.  If you wish anyone

25     to be present at sentencing to speak on your behalf, please let

1   them know of the date and time so they can be here.

2          Do you have any other questions, sir?

3          THE DEFENDANT:  No, ma'am.

4          THE COURT:  All right.  Ms. Birch, anything further?

5          MS. AUGUSTIN-BIRCH:  No, Your Honor.

6          THE COURT:  Okay.  Mr. Porter?

7          MR. PORTER:  No, Your Honor.

8          THE COURT:  All right.  Well, that concludes today's

9   proceeding.

10         I will see you in November, sir.  Be well.

11         *(Proceedings adjourned at 10:16 a.m.)*

12              **C-E-R-T-I-F-I-C-A-T-E**

13         I hereby certify that the foregoing is

14      an accurate transcription and proceedings in the

15      above-entitled matter.

16

17  *1/3/2023*                    */s/DIANE MILLER*
    DATE                     DIANE MILLER, RMR, CRR, CRC
                             Official Court Reporter
18                           United States District Court
                             101 South U.S. Highway 1
19                           Fort Pierce, FL  34950
                             772-467-2337
20

21

22

23

24

25

Friday, August 26, 2022.