```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                     FORT PIERCE DIVISION
                    CASE NO. 22-14012-CR-CANNON


UNITED STATES OF AMERICA,

            Plaintiff,                    NOVEMBER 14, 2022
      vs.
                                          FORT PIERCE, FLORIDA
KWUAN MONTRELL BAKER,
                                          PAGES 1 - 20
            Defendant.
_____/


                  TRANSCRIPT OF SENTENCING HEARING
              BEFORE THE HONORABLE AILEEN M. CANNON
                  UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE GOVERNMENT:          MICHAEL PORTER, AUSA
                             Office of U.S. Attorney
                             101 South U.S. Highway 1
                             Fort Pierce, Florida  34950


FOR THE DEFENDANT:           PETER BIRCH, AFPD
                             Office of U.S. Public Defender
                             109 North Second Street
                             Fort Pierce, Florida  34950










REPORTED BY:                 DIANE MILLER, RMR, CRR, CRC
                             Official Court Reporter
                             U.S. District Court
                             diane_miller@flsd.uscourts.gov
```

Tuesday, November 14, 2022.

```
 1                    P-R-O-C-E-E-D-I-N-G-S
 2           THE COURT:  Thank you.  Please call the case.
 3           THE COURTROOM DEPUTY:  Calling case
 4   22 Criminal-14012-Cannon, the United States vs. Kwuan Montrell
 5   Baker.
 6           Counsel, can you please state your appearance,
 7   starting with the Government.
 8           MR. PORTER:  Good morning, Your Honor; Michael Porter
 9   on behalf of the United States.
10           THE COURT:  Good morning.
11           MR. BIRCH:  Good morning, Your Honor; Peter Birch
12   representing Kwuan Baker, who is seated to my left.
13           THE COURT:  Good morning, Mr. Birch.
14           And good morning, Mr. Baker.
15           Who is here for Probation?
16           PROBATION OFFICER:  Good morning, Your Honor; Nicole
17   Garcia on behalf of the United States Probation office.
18           THE COURT:  Good morning, Ms. Garcia.
19           Mr. Birch, do you need more time to consult with
20   your client?
21           MR. BIRCH:  Could I just have one minute, Your Honor?
22           THE COURT:  Sure.
23           MR. BIRCH:  I think I just need one minute to make
24   sure he understands what I'm saying.
25           (Discussion off the record between Counsel and
```

Tuesday, November 14, 2022.

```
 1              Defendant)
 2              MR. BIRCH:  Thank you, Your Honor.  We're ready.
 3              THE COURT:  Okay.
 4              All right.  Well, we are here today for a sentencing
 5   hearing, Mr. Baker.  As you know, you pled guilty, pursuant to
 6   a conditional plea agreement, to Counts 2 and 3 of the
 7   indictment.  Count 2 charges you with possession with intent to
 8   distribute a mixture and substance containing a detectable
 9   amount of Fentanyl in violation of Title 21, United States
10   Code, Sections 841(a)(1) and (b)(1)(C).  And Count 3 of the
11   indictment charges you with possession of a firearm in
12   furtherance of a drug trafficking crime in violation of
13   Title 18, United States Code, Section 924(c)(1)(A)(i).
14              I have reviewed the full record prior to today's
15   hearing including, of course, the Presentence Investigation
16   Report and the Government's sentencing memorandum.
17              And I note that there are no objections to the PSI;
18   is that correct, Mr. Birch?
19              MR. BIRCH:  Yes, Your Honor.
20              THE COURT:  Okay.  Is that your understanding,
21   Mr. Porter?
22              MR. PORTER:  Yes, Your Honor.
23              THE COURT:  Are there any other materials the Court
24   should have received for today's sentencing hearing, Mr. Birch?
25              MR. BIRCH:  No, Your Honor.
```

Tuesday, November 14, 2022.

```
 1              THE COURT:  Okay.
 2              All right.  Well, then, let's proceed.
 3              Seeing as there are no objections to the PSI, I will
 4   state the applicable calculations on the record.
 5              Starting with Count 2, which is the possession with
 6   intent to distribute a mixture and substance containing a
 7   detectable amount of Fentanyl count, the PSI recommends a total
 8   offense level of ten and a criminal history category of six
 9   which produces an advisory guideline range of 24 months to
10   30 months imprisonment.  And then on Count 3 of the indictment,
11   there is a consecutive sentence of five years or 60 months to
12   run consecutive to the sentence imposed on Count 2.
13              Is that correct, Mr. Birch?
14              MR. BIRCH:  Yes, Your Honor.
15              THE COURT:  All right.
16              Anything to add, Mr. Porter?
17              MR. PORTER:  No, Your Honor.
18              THE COURT:  All right.
19              For purposes of supervised release, we have a
20   guideline range of three years supervised release, the special
21   assessment of $200, and I think that is all.  With respect to
22   supervised release on Count 3, the PSI notes the supervised
23   release range can go up to five years; and, of course, multiple
24   terms of supervised release in this case would run
25   concurrently.
```

Tuesday, November 14, 2022.

```
 1              Have I stated the applicable calculations correctly,
 2   Mr. Birch?
 3              MR. BIRCH:  Yes, Your Honor.
 4              THE COURT:  All right.  Anything to add, Mr. Birch?
 5              MR. BIRCH:  No, Your Honor.
 6              THE COURT:  Okay.
 7              All right.  Then having set forth the guideline
 8   calculations, let's turn to hear argument from the parties on
 9   an appropriate sentence, starting with Mr. Porter.
10              MR. PORTER:  Judge, the United States is asking for a
11   sentence of 90 months imprisonment in this case.  That is at
12   the top of Mr. Baker's effective guideline range.  That would
13   be 60 months on the 924(c) count consecutive to the 30 months
14   on the possession with intent to distribute count.
15              The 3553(a) factors that stand out the most to the
16   United States in this case are the nature and circumstances of
17   the offense, the need to promote respect for the law, and the
18   need to provide both specific and adequate deterrence -- I'm
19   sorry -- both specific and general deterrence.
20              As far as the nature and circumstances of the
21   offense, it is no secret that Fentanyl is a deadly poison that
22   does not discriminate when it comes to its victims.  Overdose
23   deaths are a leading cause of fatalities in the United States.
24   Florida has not been immune to this epidemic.  We cite some
25   statistics from the CDC and other websites in our sentencing
```

1  memorandum.
2          Basically, the State of Florida has seen an
3  exponential increase in overdoses associated with Fentanyl.  In
4  2020, more than 6,000 people died from overdoses involving
5  Fentanyl and Fentanyl analogues in Florida.  It would be
6  difficult for me, Judge, to overstate the seriousness of this
7  offense.
8          To give the Court a little bit of context, as little
9  as two milligrams of Fentanyl, about the size of five grains of
10 salt, can be a fatal, lethal dose.  Mr. Baker is responsible
11 for approximately two grams of Fentanyl.  There are a thousand
12 milligrams in a gram, so he is accountable for approximately
13 2,000 milligrams.  Again, two milligrams is all it takes to
14 result in a fatality and overdose.
15         If that wasn't serious enough, Mr. Baker had a loaded
16 firearm on his person that he possessed in furtherance of his
17 drug trafficking crime.
18         The United States submits that this is a very serious
19 offense, and that a strong message needs to be sent in this
20 case.  That's part of why we're asking for a sentence at the
21 top of the guideline range.
22         As far as the need to promote respect for the law
23 and, more importantly, the need to provide both specific and
24 general deterrence, Mr. Baker is in a criminal history
25 category VI.  He has a very lengthy criminal history for his

```
 1  age.  He's only 26 years old -- I'm sorry -- he's 32 years old,
 2  and he's already amassed no less than five separate felony
 3  convictions.  He's got a couple burglary convictions, and he
 4  has two fairly recent fleeing and eluding convictions.  The
 5  fleeing and eluding convictions concern me in this case more
 6  than the burglary convictions do because what those fleeing and
 7  eluding convictions indicate is a blatant disregard for the
 8  law.  In both of those cases, when Mr. Baker was attempted to
 9  be stopped by law enforcement, he engaged in a vehicle pursuit.
10  So that indicates a disregard for the law, and it also
11  indicates to the United States that his gut reaction in that
12  type of situation is to flee and potentially put others in
13  danger through his flight.
14          More importantly, Mr. Baker was released from prison
15  for his most recent felony convictions in March of 2021.  He
16  committed the instant offenses in April of 2021.  To be clear,
17  Mr. Baker committed the instant offenses barely a month after
18  he was released from prison following a five-year sentence.
19          Mr. Baker's prior periods of incarceration were
20  clearly not sufficient enough to impress upon him the need to
21  obey the law and the need to conform his conduct to the
22  requirements of society.
23          With all that being said, Judge, the United States
24  believes that the 3553(a) factors call out for a sentence at
25  the top of Mr. Baker's guideline range in this case.  That
```

1 would be 90 months, and that's what we are asking for.
2         THE COURT: Mr. Porter, in terms of any history of
3 probation violations, what is your position on that? I saw at
4 least one.
5         MR. PORTER: Judge, I think, if we look to
6 paragraphs 30 through 32 of the PSI and also paragraph 36, what
7 we see in paragraph 30, we see a probation violation,
8 Mr. Baker's probation was revoked. And then if we look at --
9 let me see -- paragraph 36 of the PSI, we see another probation
10 revocation where his probation was revoked and terminated, and
11 he was sentenced to five years in Florida Department of
12 Corrections. So for someone who's a relatively young man at
13 his age, I think that that indicates to me that there is what I
14 would classify as an alarming rate of recidivism when it comes
15 to Mr. Baker, especially when you couple it with the fact that
16 he was released from FDOC custody in March of 2021, and he
17 committed these offenses a month later. You couple that with
18 prior probation revocations, and I think that there is an
19 alarming rate of recidivism that I'm seeing on Mr. Baker's
20 part.
21         THE COURT: Thank you, Mr. Porter.
22         Mr. Birch?
23         MR. BIRCH: Your Honor, may I have one more minute?
24         THE COURT: Yes.
25         *(Discussion had off the record between Counsel and*

1          *The defendant.)*

2          MR. BIRCH:  Thank you, Your Honor.

3          Having discussed this matter with Mr. Porter and with
4    Mr. Baker, there is a lot here that does justify a significant
5    sentence, and 90 months is significant.  I certainly think that
6    a guideline sentence is sufficient but not greater than
7    necessary.  And I can appreciate Mr. Porter's arguments to the
8    Court; and candidly, in my discussions with Mr. Baker, we're
9    not looking at that six months difference so much as looking at
10   what he needs to do going forward.

11         And in that regard, Your Honor, Mr. Baker is wanting
12   to take full advantage of his time in prison realizing it's
13   going to be significant, realizing that he has a drug issue, as
14   the Government acknowledged in the sentencing memorandum.  He
15   needs to get his drug problem under control.

16         From my contact with Mr. Baker, having inherited this
17   case, but I have met him on three separate occasions and had
18   conversations with him, there is a desire to get on the right
19   track, get the drug problem under control, and get the benefit
20   of programs that will help him lead a law-abiding life when he
21   gets out.  I think he wants to do that, and I think he's
22   sincere about that.

23         So I'm not arguing between 84 and 90.  I leave that
24   to the Court's discretion.  However, in my conversations with
25   Mr. Porter, he did agree that it would be fair for the Court to

1  recognize that he should be given credit from the date of his
2  arrest which was April 6th of 2021, and so I would ask the
3  Court to recommend that.  I'm not so sure BOP is going to give
4  him credit, and that is where that six months' differential
5  comes in.
6          But the other thing, though, that Mr. Porter agreed
7  to, if I'm not mistaken, is for the Court to make this
8  concurrent with any state sentence that he might receive.  It's
9  unknown what's going to happen in state court, if they're going
10 to drop it or give him a concurrent sentence or what.  But in
11 order for him to get the benefit of a concurrent sentence,
12 should one be imposed, I would ask -- and this is where
13 Mr. Porter and I disagree -- that the Court recommend that the
14 federal sentence begin immediately.  The Bureau of Prisons, if
15 it's not on the judgment, I, in the past, have had issue with
16 them as to whether the Court intended it to be concurrent or
17 not.  It's been my experience where they say that if it's on
18 the judgment that the sentence begin immediately or that the
19 Court recommends that, then they will give full force and
20 effect to any concurrent sentence, and so I would ask that that
21 be included on the judgment.
22          THE COURT:  And so precisely what are you requesting?
23 I'm trying to look here in the PSI for the pending state case.
24 Is that paragraph 47?
25          MR. PORTER:  It is, Judge.

```
 1              MR. BIRCH:  Yes, Your Honor, that it be concurrent
 2   with that case number specified therein, Your Honor; and then
 3   also that the Court state that the federal sentence begin
 4   immediately.  Because what will happen, if they take him over
 5   back to state court and he does get time in state court and
 6   because he was writted over, if they leave him there, even
 7   though this Court and the state court judge said that it be
 8   concurrent, the Bureau of Prisons won't treat it that way
 9   unless the judgment says that.  That's what they have told me
10   in the past, and I've had numerous discussions on other cases.
11   But if that language, which almost has a talismanic effect, if
12   you will, to begin immediately, all problems are erased and
13   they say, "Okay, now we know the Court's intent."
14              So that's my request.
15              THE COURT:  So that means he would serve and complete
16   his federal sentence first, and then if there were any
17   remaining activity on the state case, go to state custody; is
18   that correct?
19              MR. BIRCH:  Well, what it actually means is, no
20   matter where he goes, they will treat the federal sentence from
21   this day forward.  That's what it means.  Even if he's in state
22   custody, they will treat this federal sentence as beginning
23   today.
24              THE COURT:  And then in terms of your April 2021
25   custody date, what's the history with that?  He was arrested on
```

```
 1  the state case first, I presume, for how long?  And then when
 2  did he actually come into federal custody?
 3              MR. BIRCH:  I think it's February 7th going by the
 4  PSI, February 7th of 2022 he was brought over.  But the more I
 5  think about it, as I'm talking, I don't think they're going to
 6  give him credit for that ten months, even if the Court were to
 7  recommend it.  He's not going to get credit for that.  BOP
 8  won't give it to him.  The only way to resolve that would be to
 9  give him a lower sentence based on that.  But if you make it
10  concurrent, begin immediately, I think at least that will
11  suffice so that if he gets time in state court or if he stays
12  in state court, the sentence will --
13              THE COURT:  Okay.
14              MR. BIRCH:  -- run together.
15              THE COURT:  All right.  Mr. Porter, do you have
16  anything to add to these more technical matters we've just
17  discussed?
18              MR. PORTER:  So first, Judge, with respect to
19  paragraph 47 of the PSI, the United States has no objection to
20  the Court recommending that any sentence that Mr. Baker
21  receives in that underlying state matter run concurrent to his
22  federal sentence.
23              THE COURT:  Well, I can't order a state court to do
24  that.  I can run my sentence.
25              MR. PORTER:  Yes.  What I have no objection to is
```

1  Your Honor recommending that your sentence run concurrent to
2  any sentence imposed in the state court matter.  That offense
3  is part and parcel to this offense.
4          I also have no objection to the Court recommending
5  that BOP give Mr. Baker credit for time served as of the date
6  of his arrest on the underlying state charges that would be
7  April 6th of 2021, because he wasn't writted over into federal
8  custody until approximately ten months later.
9          Where Mr. Birch and I diverge paths is on his last
10 recommendation, and that is that the Court order that
11 Mr. Baker's federal sentence begin immediately.  One, I don't
12 know that -- whether Your Honor has the authority to order that
13 or not.  Typically, it is up to BOP to determine, you know,
14 where defendants serve their sentence and how that service of a
15 sentence is implemented.  I certainly think Your Honor can make
16 a recommendation.  However, I don't know the import of the
17 language that Mr. Birch has suggested.  I believe that by
18 recommending to BOP that Mr. Baker -- that your sentence you
19 impose run concurrent to any state sentence imposed with
20 respect to paragraph 47, and that Mr. Baker receive credit for
21 the time he spent in custody as of the date of his arrest.  I
22 think that that is sufficient to take care of the concerns that
23 Mr. Birch has.  So that's where I don't support the
24 recommendation that Your Honor order that Mr. Baker's federal
25 sentence begin immediately.  One, I don't know if the Court has

```
 1   the authority to order that and if you were to recommend it, I
 2   don't know what the import of that language is.
 3              MR. BIRCH:  Your Honor, if I may?
 4              THE COURT:  Yes.
 5              MR. BIRCH:  Okay.  If the Court simply puts in the
 6   judgment, "The sentence shall begin immediately," then BOP can
 7   interpret it however it wishes, be it a recommendation or an
 8   order.  It's been my experience with BOP that it needs that
 9   language in the judgment for it to give -- for it to discern
10   the intent of the Court as to whether it be concurrent or
11   consecutive.
12              Now, if you say it recommended, or you say it
13   ordered, it probably will have the same force and effect.  I'm
14   suggesting to simply put in there, "The sentence shall begin
15   immediately," and let BOP do what it will, and that should be
16   sufficient.  But my experience in other cases, if that's not in
17   the judgment, they'll say, "We don't care if it's in the PSI,
18   we don't care if it's in the sentencing transcript; if it's not
19   in the judgment, we're not going to do anything," and that's
20   the frustrating part.
21              THE COURT:  All right.  Thank you, Mr. Birch.
22              Mr. Baker, you are welcome to address the Court, if
23   you'd like, although you're not required to make a statement.
24              THE DEFENDANT:  Yes, I would.
25              I was told not to talk about my case, but I'm not.  I
```

want to apologize to the courts, my family, my daughter.

THE COURT: It's okay, sir.

THE DEFENDANT: Even though -- it's always they paint a bad picture of you, but never good things. I made a lot of wrong decisions. Like, I have two children, I love my daughter; like, I'm an active father. But I been taking accountability of my actions. But I'm not a bad person, and I bust my ass working. I work -- I have a job.

And, you know, I suffer with drug problems. And I was in a very dark place with, like, I didn't know how to come out of that place until I had to sit down and really look in the mirror and take accountability of my actions. And like my daughter miss me. It hurt me talking to her on the phone, and she telling me her friend's dad is not there to pick her up from school. And, you know, I gotta do much better with myself, and I know this.

It's not the time what's gonna face me, it's my support system now, and I know I have to do better. I know what I have to do. Like, every day, I wake up, I do better than I did yesterday, like -- it's not like sympathy or empathy I'm asking for, it's just understanding. Like, I'm not a bad person. Like, I really am a good person.

And I just want to tell the Court, I apologize to my momma, my dad, my daughter, like, I'm sorry because I was supposed to do better.

Tuesday, November 14, 2022.

1          THE COURT:  Thank you, sir.

2          It is indeed very painful, Mr. Baker, to see where
3    things are right now, but what you have said now I think
4    displays a lot of maturity, desire to improve.  I pray that you
5    can do that, and I know that in the future, if you lean on your
6    family and your support system, I hope that you can do so.
7    But, of course, there's no mistaking that your offense is
8    exceedingly serious.

9          Fentanyl is a quite deadly drug that is wreaking
10   havoc on our society; and, of course, combining that with the
11   possession of firearms is exceedingly dangerous, so there is a
12   need in this case for a very significant sentence and, of
13   course your record, it pains me to say, requires one as well.

14         I think most unfortunate is the fact that when you
15   were released in March of 2021, rather than be that active
16   father that I think you are capable of, unfortunately you
17   returned to unlawful conduct.  So it is my sincere hope that
18   you can do as you say, improve each and every day, use this
19   time to better yourself and return to your family with love and
20   integrity.

21         The Court has considered the statements of all
22   parties, the presentence report which contains the advisory
23   guidelines and the statutory factors set forth in Title 18,
24   United States Code, Section 3553(a).

25         It is the finding of the Court that the defendant is

```
 1  not able to pay a fine.
 2          I have considered all of the statutory factors in
 3  this case, and I concur with the Government that a sentence of
 4  30 months as to Count 2 is appropriate followed by the
 5  mandatory five-year term on Count 3 which produces a total
 6  sentence of 90 months.  The term consists of 30 months as to
 7  Count 2 and 60 months as to Count 3.  Count 3 to be served
 8  consecutively to the sentence imposed in Count 2.
 9          Upon release from imprisonment, the defendant shall
10  be placed on supervised release for a term of three years.
11  This term consists of three years as to Counts 2 and 3, all
12  such terms to run concurrently.
13          Within 72 hours of release from the custody of the
14  Bureau of Prisons, the defendant shall report in person to the
15  probation office in the district to which the defendant is
16  released.
17          While on supervised release, the defendant shall
18  comply with the mandatory and standard conditions of supervised
19  release which include not committing any crimes, being
20  prohibited from possessing a firearm or other dangerous device,
21  not unlawfully possessing a controlled substance, and
22  cooperating in the collection of DNA.
23          The defendant also shall comply with the following
24  special conditions:  Substance abuse treatment, permissible
25  search, and unpaid restitution, fines, and special assessments
```

1  as noted in part F of the PSI.
2           It is further ordered that the defendant shall pay
3  immediately to the United States a special assessment of $100
4  as to each of Counts 2 and 3, for a total of $200.
5           I will also note in the judgment that Mr. Baker's
6  sentence in this federal case shall run concurrent to any
7  sentence imposed in the state case.  And the case number for
8  the state case is listed at paragraph 47 of the PSI, and it is
9  specifically 2021-CF-837.
10          I will also recommend that his federal sentence begin
11 immediately; although given some of the uncertainty with how
12 that will be interpreted, I cannot control exactly how that
13 plays out, but I will include that recommendation pursuant to
14 Mr. Birch's request.
15          And finally, I'll recommend that Mr. Baker receive
16 credit for any time spent in custody on this offense, including
17 the related state offense as of his arrest date of April 6,
18 2021.
19          Does that adequately cover your concerns, Mr. Birch?
20          MR. BIRCH:  Yes, Your Honor.
21          THE COURT:  Okay.
22          All right.  Now that sentence has been imposed, does
23 the defendant or his counsel object to the Court's finding of
24 fact or to the manner in which sentence was pronounced?
25          MR. BIRCH:  No, Your Honor.

Tuesday, November 14, 2022.

```
 1              THE COURT:  Mr. Baker, you have the right to appeal
 2   the sentence imposed.  Any notice of appeal must be filed
 3   within 14 days after the entry of the judgment.  If you are
 4   unable to pay the cost of an appeal, you may apply for leave to
 5   appeal in forma pauperis.  And just to reiterate, the total
 6   sentence is 90 months imprisonment, three years supervised
 7   release, and a $100 special assessment.
 8              Anything further from Probation?
 9              PROBATION OFFICER:  No, Your Honor.  Thank you.
10              THE COURT:  Mr. Baker, God bless you.  I wish you
11   well.  Please take care of yourself.
12              THE DEFENDANT:  Yes, Your Honor.
13              MR. BIRCH:  I do have two requests, if I may?
14              THE COURT:  Yes.
15              MR. BIRCH:  Would the Court recommend that Mr. Baker
16   participate in the RDAP program?
17              THE COURT:  Yes.
18              MR. BIRCH:  And also recommend that he serve his
19   sentence in South Florida.
20              THE COURT:  Yes.
21              MR. BIRCH:  Thank you.
22              THE COURT:  All right.  Thank you all.  The Court is
23   in recess.
24              (Proceedings adjourned at 11:32 a.m.)
25
```

Tuesday, November 14, 2022.

```
 1                   C-E-R-T-I-F-I-C-A-T-E

 2          I hereby certify that the foregoing is an

 3   accurate transcription and proceedings in the

 4   above-entitled matter.

 5   1/3/2023                     /s/DIANE MILLER
      DATE                    DIANE MILLER, RMR, CRR
 6                             Official Court Reporter
                               Alto Lee Federal Courthouse
 7                             (772)467-2337
                               diane_miller@flsd.uscourts.gov
 8

 ...

25
```

Tuesday, November 14, 2022.